OPINION. Smith, Judge: During each of the taxable years the petitioner paid interest upon $71,000 par value debentures outstanding, a total of $5,680, and deducted that amount from gross income in its income tax return. In the determination of the deficiencies the respondent has disallowed the deduction of $1,749.22 for each year. This is the amount of interest payable on $21,865.29 face value of debentures. The record .does not show the debentures upon which the interest has been disallowed. It is noted, however, that the disallowed interest is the exact amount of interest payable on the difference between $47,500 debentures issued to the Bay Serena Co. and $26,134.71 which that company ad paid to the Guardian Life Insurance Co. of America, plus $500. In his brief the respondent claims that the disallowance was proper. He states: * * * It is contended that this adjustment is not only correct in principle but may be too small a disallowance. * * * It is the respondent’s position that none of the bonds in excess of $26,134.71 were issued for value and do not represent a real indebtedness of the Company. With respect to the issuance of the $17,500 debentures to Coppinger and Lane for an assignment to the petitioner of their contract with the Lawyers Title Insurance Corporation of Richmond, Virginia, the respondent states: “Manifestly, there could not have been any transferable value to such a contract.” He further states with regard to the junior debentures issued as a dividend in 1938 in the amount of $6,000: * * * While the record shows that they were issued as a dividend on stock, the financial status of the company at the time is not available and without this it is clear that the matter of a bona fide indebtedness cannot be established. Section 23 of the Internal Revenue Code provides in material Dart as follows: SEC. 23. DEDUCTION'S FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * * * • • • (b) Intekest. — All interest paid or accrued within the taxable year on indebtedness, * * * with exceptions not here material. This same petitioner was before us in Docket No. 108145, referred to above, with respect to deficiencies in income tax for the fiscal years ended February 28, 1937, and February 28, 1938, and for a deficiency in excess profits tax for the latter year. The only issue in that proceeding was the proper basis for the computation of depreciation on property owned by the petitioner and the basis for the computation of its capital gain resulting from the sale of its real estate in the later year. We held that upon the evidence the petitioner had failed to show error on the part of the respondent in his determination of the deficiencies. There was no issue in that proceeding with regard to the right of the petitioner to deduct interest upon its outstanding debentures. Our determination in that proceeding is not therefore res judicata of the present proceeding. The principal contention of the respondent with regard to a part of the debentures issued to the Bay Serena Co. is that they were not issued for value, and with regard to the debentures issued to Coppinger and Lane in the amount of $17,500 that they likewise were not issued for value, because the contract for which they were issued had no value. In Lawrence v. McCalmont, 2 How. 425, Mr. Justice Story said, in speaking of a guaranty of another’s debt made in consideration of one dollar: A váíüable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract. * * * A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid. See also Appeal of Ferguson et ux., 117 Pa. 426; 11 Atl. 885. The respondent contends that the payment of Bay Serena Co. of $26,134.71 to the Life Insurance Co. over a period of years is not enough to support a valid issuance of debenture bonds in the amount of $47,500. We do not think that there is legal ground for this position. If the petitioner was bound to pay debentures in the amount of $26,134.71, it was equally bound to pay the full amount of the debentures that were issued to the Bay Serena Co. No contention is made by the respondent that there was any bad faith on the part of any of the interested parties. There is much evidence in the record that the fair market value of the abstract plant in 1935 was approximately $100,000. Coppinger testified that in his opinion it was worth $110,000. Although the option contract was held in the name of Sullivan, Tatum was the real party in interest. He was the one who had caused Bay Serena Co. to advance to the Life Insurance Co. $26,134.71. This amount was allowed as a credit against the purchase price in the acquisition of the property by the petitioner. In the absence of any claim of bad faith by the respondent or of any evidence of bad faith in the issuance of the $47,500 debentures to Bay Serena Co., we are of the opinion that the entire amount of interest paid upon that amount of debentures is deductible from gross income of the taxpayer for each of the taxable years. We are furthermore of the opinion that the evidence of record refutes the respondent’s claim that the contract which Coppinger and Lane had with the Lawyers Title Insurance Corporation of Richmond, Virginia, had no value. Coppiner testified that in his opinion it was worth a minimum of $17,500. He and Lane had had the contract covering Dade County, Florida, since 1932. Under it the petitioner was able to have its title abstracts insured by a responsible title insurance company. The petitioner was permitted to charge its clients an amount in excess of the amount which it had to pay the insurance company as a premium for such insurance. The $17,500 debentures [were not to be issued to Coppinger and Lane unless the Lawyers Title ¡Insurance Corporation was agreeable to the assignment. It was agreeable. The petitioner has operated under the contract from the time that Coppinger and Lane became identified with the petitioner in March 1935 and apparently contributed importantly to successful operation of the petitioner. In the absence of any claim of bad faith |>ii the part of the petitioner in issuing the debentures, we hold that they constituted a valid indebtedness of the petitioner the same as the debentures which it issued to Bay Serena Co. In Estate Planning Corporation v. Commissioner (C. C. A., 2d Cir.), 101 Fed. (2d) 15, reversing 37 B. T. A. 418, it was held that the interest paid on $600,000 of bonds issued by a New York corporation principally for the good will of a going business was deductible, since the bonds were a valid enforceable obligation of the maker under the laws of the State of New York. The Board of Tax Appeals had held that the evidence adduced failed to show that the bonds were issued for consideration or that the taxpayer was legally bound to pay interest on them. Cf. Commissioner v. Park (C. C. A., 3d Cir.), 113 Fed. (2d) 352, affirming 38 B. T. A. 1118, in which it was held that the interest on a promissory note which a husband gave to his wife was deductible because it constituted an enforceable obligation of the maker under the laws of the Commonwealth of Pennsylvania. The $6,000 face value of junior debentures which petitioner issued to its stockholders as a dividend in 1938 stand on a slightly different footing from the senior debentures issued by it, but we think they too must be recognized as a lawfully incurred indebtedness of the petitioner. The debenture holders were creditors of the corporation the same as the general creditors. They had an entirely different status from those of stockholders. The $6,000 junior debentures were issued out of the profits of the corporation for the fiscal year ended February 28, 1938. As above indicated the adjusted net income of the petitioner for the fiscal year ended February 28, 1938, was $16,134.19. The dividend was taxable to the recipients of the debentures the same as a cash dividend. A cash dividend was not paid in order to conserve the cash resources of the company. In T. R. Miller Mill Co., 37 B. T. A. 43, the Board of Tax Appéals held that a $500,000 note given to its stockholders in place of a distribution in cash represented a legal indebtedness of the corporation and that the interest paid upon such I legal obligation was a legal deduction from gross income. Our decision in that case was affirmed (C. C. A., 5th Cir.), 102 Fed. (2d) 599. We hold that the petitioner’s debentures outstanding during each of the taxable years in the amount of $71,000 constituted an enforce-1 able indebtedness of the petitioner and that the interest paid thereonl is a legal deduction from gross income. I Reviewed by the Court. Decision will be entered under Rule 50\ TueneR and Murdock, JJ., concur only in the result. Leech and Disney, JJ., dissent.